# Exhibit A

1  Carney R. Shegerian, Esq., State Bar No. 150461
   CShegerian@Shegerianlaw.com
2  Anthony Nguyen, Esq., State Bar No. 259154
   ANguyen@Shegerianlaw.com
3  SHEGERIAN & ASSOCIATES, INC.,
   225 Santa Monica Boulevard, Suite 700
4  Santa Monica, California 90401
   Telephone Number:  (310) 860-0770
5  Facsimile Number:  (310) 860-0771

6  Attorneys for Plaintiff,
   ENRIQUE AMEZCUA

7

8

**FILED**
Superior Court Of California
County Of Los Angeles

**MAY 30 2017**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
         Charlie L. Coleman

A6024
93065

D 51 Raphael

9          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10       **FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

11

| | |
|---|---|
| 12  ENRIQUE AMEZCUA, | Case No.: **BC 6 6 3 3 5 6** |
| 13        Plaintiff, | **PLAINTIFF ENRIQUE AMEZCUA'S COMPLAINT FOR DAMAGES FOR:** |
| 14 | |
| 15  vs. | **(1) FAILURE TO PAY OVERTIME AND DOUBLE-TIME WAGES;** |
| 16  WASTE MANAGEMENT, INC., a | **(2) FAILURE TO PROVIDE MEAL BREAKS;** |
| 17  corporation, USA WASTE OF CALIFORNIA, INC., a corporation, | **(3) FAILURE TO PROVIDE REST BREAKS;** |
| 18  WM GI INDUSTRIES, an entity, JOSE ESTRELLA, an individual, | |
| 19  STEVE LEE, an individual, and DOES 1 to 100, inclusive, | **(4) FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS;** |
| 20 | |
| 21        Defendants. | **(5) UNFAIR BUSINESS PRACTICES— VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, et seq.;** |
| 22 | |
| 23 | |
| 24 | **(6) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;** |
| 25 | **DEMAND FOR JURY TRIAL** |
| 26 | |
| 27 | |
| 28 | |

RECEIPT #: CCH243111093
DATEPAID: 05/30/17 03:49 PM
PAYMENT: $435.00
RECEIVED:
CHECK:
$435.00
$0.00
$0.00
$0.00
310

CIT/CASE: BC663356
LEA/DEE#:

PLAINTIFF'S COMPLAINT FOR DAMAGES

1    Plaintiff, Enrique Amezcua, alleges the following on the basis of personal knowl-

2    edge and/or information and belief:

3

4                                    **SUMMARY**

5    This is an action by plaintiff, Enrique Amezcua ("plaintiff" or " Amezcua"), who

6    suffered wage and hour, and other Labor Code violations during his employment with

7    defendants Waste Management, Inc. ("Waste Management"), Waste of California, Inc.

8    ("Waste of California"), and WM GI Industries ("WM").  Egregiously, plaintiff has been

9    forced to work overtime every week for years and has been properly paid for that

10   overtime only once, for a measly one-and-one-half (1.5) hour period.

11   Plaintiff brings this action against defendants for economic, non-economic, com-

12   pensatory, and punitive damages pursuant to Civil Code section 3294, pre-judgment in-

13   terest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attor-

14   neys' fees pursuant to Labor Code section 1194 and Code of Civil Procedure section

15   1021.5. Labor Code section 1194

16

17                                    **PARTIES**

18   1.  *Plaintiff:*  Enrique Amezcua is, and at all times mentioned in this Complaint

19   was, a resident of the County of Ventura, California.

20   2.  *Defendants:*  Defendants Waste Management, USA Waste of California, and

21   WM are, and at all times mentioned in this Complaint were, authorized to operate by the

22   State of California and the United States government and authorized and qualified to do

23   business in the County of Los Angeles.  Defendants' place of business, where the

24   following causes of action took place, was and is in the Counties of Los Angeles and

25   Ventura.  Defendant Jose Estrella ("defendant" or "Estrella") is, and at all times

26   mentioned in this Complaint was, a supervisor with defendants. Defendant Estrella is,

27   and at all times mentioned in this Complaint was, a resident of Ventura, California.

28   Defendant Steve Lee ("defendant" or "Lee") is, and at all times mentioned in this

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1   Complaint was, a supervisor with defendants.  Defendant Lee is, and at all times

2   mentioned in this Complaint was, a resident of Ventura, California.

3       3. *Doe defendants:*  Defendants Does 1 through 100 are sued under fictitious names

4   pursuant to Code of Civil Procedure section 474.  Plaintiff is informed and believes, and

5   on that basis alleges, that each of the defendants sued under fictitious names is in some

6   manner responsible for the wrongs and damages alleged below, in so acting was

7   functioning as the agent, servant, partner, and employee of the co-defendants, and in

8   taking the actions mentioned below was acting within the course and scope of his or her

9   authority as such agent, servant, partner, and employee, with the permission and consent

10  of the co-defendants.  The named defendants and Doe defendants are sometimes hereafter

11  referred to, collectively and/or individually, as "defendants."

12      4. *Relationship of defendants:*  All defendants compelled, coerced, aided, and/or

13  abetted the failure to pay overtime and double-time wages, failure to provide meal and

14  rest breaks, failure to provide accurate itemized wage statements, and intentional

15  infliction of emotional distress, which conduct is prohibited under California

16  Government Labor Code.  All defendants were responsible for the events and damages

17  alleged herein, including on the following bases:  (a) defendants committed the acts

18  alleged; (b) at all relevant times, one or more of the defendants was the agent or

19  employee, and/or acted under the control or supervision of, one or more of the remaining

20  defendants and, in doing the acts alleged, acted within the course and scope of such

21  agency and employment and/or is or are otherwise liable for plaintiff's damages; (c) at

22  all relevant times, there existed a unity of ownership and interest between or among two

23  or more of the defendants such that any individuality and separateness between or among

24  those defendants has ceased, and defendants are the alter egos of one another.

25  Defendants exercised domination and control over one another to such an extent that any

26  individuality or separateness of defendants does not, and at all times herein mentioned

27  did not, exist.  Adherence to the fiction of the separate existence of defendants would

28  permit abuse of the corporate privilege and would sanction fraud and promote injustice.

PLAINTIFF'S COMPLAINT FOR DAMAGES

All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, were taken on behalf of all defendants, and were engaged in, authorized, ratified, and approved of by all other defendants.

5. Defendants Waste Management, USA Waste of California, and WM all directly and indirectly employed plaintiff Amezcua.

6. In addition, defendants Waste Management, USA Waste of California, and WM compelled, coerced, aided, and abetted the conduct described above.

7. Finally, at all relevant times herein, all defendants acted as agents of all other defendants in committing the acts alleged herein.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. *Plaintiff's hiring:* Plaintiff was hired on June 13, 2013.

9. *Plaintiff's job performance:* Amezcua takes pride in his work. At all times during his employment, he performed his job duties in an exemplary manner. However, his work experience declined after he made complaints of Labor Code violations, at which time he began to receive negative write-ups.

10. *Plaintiff's employment status:* Plaintiff is currently employed as a non-exempt truck driver by the above-captioned entity defendants.

11. *Plaintiff's protected status and activity:*

a. Amezcua almost always works more than eight (8) hours a day and more than forty (40) hours a week. However, he is not being paid time and a half, as is re-quired under the California Labor Code.

b. Amezcua is also frequently forced to work during rest and meal breaks.

///

///

///

///

-4-

PLAINTIFF'S COMPLAINT FOR DAMAGES

12. *Defendants' violations of the Labor Code and factual background related thereto:*

a. As part of his job, Amezcua is required to clock in at the beginning of the day and clock out at the end of the day. His manager is defendant Estrella, and his supervisor is defendant Lee.

b. Amezcua typically works ten (10) to twelve (12) hours a day, five (5) days a week. Defendants have attempted to mandate that he work on Saturdays, but he is informed and believes that defendants know that they cannot legally enforce such a mandate because of the total hours he works as a driver.

c. Notwithstanding the fact that Amezcua works overtime almost every day, he has been paid overtime only once, for one-and-one-half (1.5) hours, and he believes that was a mistake. Amezcua's 30-minute lunch break is also frequently cut short when he is called to his next job during his break.

d. It is believed that all other truck drivers are being subjected to the same Labor Code violations, but remain silent out of fear of retaliation.

e. On at least one occasion, Amezcua complained to Estrella, "You're not paying overtime; we are already working fifty-eight [(58)] hours per week. There's no family time."

13. *Plaintiff's complaints and protected activity related thereto:*

a. In December of 2016, Amezcua asked Estrella whether he and the other drivers would be paid overtime the following year, to which Estrella responded, "You know the company doesn't pay overtime. Why are you asking that question?" Amezcua also complained to Lee, his supervisor, but was again told that defendants do not pay overtime.

b. The following week, Amezcua followed up with Estrella and asked him if he had spoken to upper management about overtime. Estrella responded that Lee and vice president defendant Smith would reach out to him. To date, Amezcua has not heard from them.

PLAINTIFF'S COMPLAINT FOR DAMAGES

c.  In late 2016, Amezcua also called human resources in Texas and asked why he and the other drivers were not getting paid overtime.  The representative he spoke to told him to ask the human resources representative at the plant where he works.

14.  *Economic damages:*  As a consequence of defendants' conduct, plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, damage to his career, and lost wages, premium pay, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

15.  *Non-economic damages:*  As a consequence of defendants' conduct, plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

16.  *Punitive damages:*  Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and thus entitles plaintiff to an award of exemplary/punitive damages.

a.  *Malice:*  Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) defendants acted with intent to cause injury to plaintiff and/or acted with reckless disregard for plaintiff's injury, including by intentionally and knowingly failing to pay plaintiff substantial wages owed to him under the Labor Code, and/or (b) defendants' conduct was despicable and committed in willful and conscious disregard of plaintiff's rights, health, and safety, including plaintiff's right to be free of Labor Code abuses.

b.  *Oppression:*  In addition, and/or alternatively, defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including by defendants' intentional and knowing failure to pay plaintiff substantial wages owed to him under the Labor Code, such as those related to the failure to pay wages and health and safety violations, was "despicable," and subjected plaintiff to cruel and unjust hardship, in knowing disregard of plaintiff's right to earn a fair wage under the Labor Code in order to support himself and his family.

c. *Fraud:* In addition, and/or alternatively, defendants' conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including that defendants asserted false (pretextual) grounds for failing to pay plaintiff in accordance with the Labor Code to manipulate him and keep him under their thumb, as well as taking other adverse job actions, thereby to cause plaintiff hardship and deprive him of legal rights.

17. *Attorneys' fees:* Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

## FIRST CAUSE OF ACTION
### (Failure to Pay Overtime and Double-Time Wages—
### Against All Defendants and Does 1 to 100, Inclusive)

18. The allegations set forth in paragraphs 1 through 17 are re-alleged and incorporated herein by reference.

19. Plaintiff alleges that, within four years prior to the filing of this action, pursuant to the provisions of the California Code of Regulations, the applicable Industrial Welfare Commission Order, and Labor Code sections 510 and 1194, defendants were required to compensate each and every one of their non-exempt employees for overtime wages at the rate of 1.5 times the regular hourly rate of pay for hours worked in excess of eight hours per day or 40 hours per week and for overtime wages at twice the regular rate of pay for hours worked in excess of 12 hours per day and more than eight hours on a seventh consecutive work day.

20. Plaintiff alleges that defendants, and each of them, violated the Labor Code and the Industrial Welfare Commission Order by failing to pay plaintiff overtime and double-time wages for hours that would qualify for overtime and double-time wages.

21. Pursuant to the provisions of the California Code of Regulations, the applicable Industrial Welfare Commission, and the Labor Code, defendants failed to pay plaintiff overtime and double-time wages for hours that would qualify for overtime and double-

-7-
PLAINTIFF'S COMPLAINT FOR DAMAGES

1    time wages.

2        22.   Plaintiff therefore seeks recovery of all unpaid overtime wages at the applicable

3    hourly, overtime, and double-time rates, including all penalties, interest, attorneys' fees,

4    and other damages, as proven at the time of trial.

5

6                          **SECOND CAUSE OF ACTION**

7                   **(Failure to Provide Meal Breaks—Against All**

8                    **Defendants and Does 1 to 100, Inclusive)**

9        23.   The allegations set forth in paragraphs 1 through 22 are re-alleged and incorpo-

10   rated herein by reference.

11       24.   Plaintiff alleges that, within four years prior to the filing of this action, pursuant

12   to the provisions of Labor Code sections 226.7 and 215 and the applicable Industrial

13   Welfare Commission Order, defendants were required to provide each of their employ-

14   ees with an uninterrupted meal period of not less than 30 minutes, during which the em-

15   ployee was to be totally relieved of all duties.  Such a meal period is required to be

16   provided for each five hours worked and to be taken before the end of the fifth hour, and

17   a second meal period of no less than 30 minutes for each employee who works more

18   than 12 hours per day is to be taken before the end of the tenth hour.

19       25.   Plaintiff alleges that defendants violated the Labor Code and Industrial Welfare

20   Commission Order by failing to provide plaintiff with proper meal and rest breaks and/or

21   that, if meal or rest breaks were provided, plaintiff was not completely relieved of all

22   duties so that any such period did not constitute a proper meal or rest break at all.

23       26.   Pursuant to the provisions of Labor Code section 226.7, plaintiff is entitled to

24   one hour of compensation at her regular rate of pay for each mandatory meal period and

25   each mandatory rest period not provided, in an amount to be proven at the time of trial.

26   ///

27   ///

28   ///

-8-

### THIRD CAUSE OF ACTION

#### (Failure to Provide Rest Breaks—Against All

#### Defendants and Does 1 to 100, Inclusive)

27. The allegations set forth in paragraphs 1 through 26 are re-alleged and incorporated herein by reference.

28. Plaintiff further alleges that, within four years prior to the filing of this action, pursuant to the provisions of Labor Code section 226.7 and the applicable Industrial Welfare Commission Order, defendants were required to provide each of their employees with ten-minute, paid rest periods during which the employee was to be totally relieved of all duties. Such a rest period is required to be provided for each four-hour period or major fraction thereof worked in a single day.

29. Plaintiff alleges that defendants violated the Labor Code and Industrial Welfare Commission Order by failing to provide plaintiff with proper meal and rest breaks and/or that, if meal or rest breaks were provided, plaintiff was not completely relieved of all duties so that any such period did not constitute a proper meal or rest break at all.

30. Pursuant to the provisions of Labor Code section 226.7, plaintiff is entitled to one hour of compensation at her regular rate of pay for each mandatory meal period and each mandatory rest period not provided, in an amount to be proven at the time of trial.

### FOURTH CAUSE OF ACTION

#### (Failure to Provide Accurate Itemized Wage Statements—

#### Against Defendants Waste Management, Waste of

#### California, WM, and Does 1 to 100, Inclusive)

31. The allegations set forth in paragraphs 1 through 30 are re-alleged and incorporated herein by reference.

32. Plaintiff alleges that, within one year prior to filing of this action, pursuant to the provisions of the Labor Code and applicable Industrial Welfare Commission Order, as outlined above, defendants were required to provide plaintiff with an accounting of

-9-

each wage payment containing information required by Labor Code sections 1198.5 and 432, which information includes the number of hours worked, the rates of pay for those hours, and tax withholdings.

33. California Labor Code section 226(a) requires each California employer to maintain an accurate itemized statement for each employee of (1) gross wages earned, (2) total hours worked, (3) number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions for each employee, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of each pay period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her Social Security number or an employee identification number other than a Social Security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

34. Plaintiff alleges that defendants willfully failed to provide plaintiff with the accounting required by the Labor Code and the Industrial Welfare Commission Order.

35. As a direct and proximate result of defendants' failure to provide that accounting, plaintiff has suffered injury, including being unable to assess his unpaid wages while employed.

36. Defendants therefore are liable to plaintiff for penalties of $50.00 for the initial pay period in which the violation occurred and $100.00 for each subsequent pay period or, in the alternative, damages, whichever is greater, in amount to be determined at the time of trial, including interest thereon, together with reasonable attorneys' fees and costs of suit.

///

///

///

///

-10-

PLAINTIFF'S COMPLAINT FOR DAMAGES

## FIFTH CAUSE OF ACTION

### (Violation of Business & Professions Code § 17200—Against
### all Defendants and Does 1 to 100, Inclusive)

37.  The allegations set forth in paragraphs 1 through 36 are re-alleged and incorporated herein by reference.

38.  By way of the illegal acts and conduct herein alleged, defendants have engaged in unfair, unlawful, and fraudulent activity, in direct violation of the provisions of the Unfair Competition Law, codified in Business & Professions Code section 17200, *et seq.* Plaintiff is informed and believes, and on that basis alleges, that defendants' actions alleged herein were carried out specifically for the purpose of gaining an advantage against their competitors, as well as reducing costs, including the avoidance of costs and expenses associated with retaining older employees who were earning higher incomes than younger, newer employees.

39.  Plaintiff is informed and believes, and on that basis alleges, that the aforesaid actions of defendants, as herein alleged, resulted in an increase in profits for them, enabling them to generate greater income as a direct result of the above-mentioned unlawful and unfair business practices. Plaintiff therefore is entitled to restitution and/or disgorgement of all monies received by defendants while they engaged in such practices, in addition to pre-judgment interest, penalties, reasonable attorneys' fees, and costs, pursuant to Business & Professions Code section 17200, *et seq.* Plaintiff further seeks to enjoin defendants from continuing their illegal conduct and activities in the future.

## SIXTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress—Against
### All Defendants and Does 1 to 100, Inclusive)

40.  The allegations set forth in paragraphs 1 through 39 are re-alleged and incorporated herein by reference.

41.  Defendants' knowing and intentional violations of the California Labor Code

-11-

1    constituted severe and outrageous misconduct and caused plaintiff extreme emotional
2    distress.

3        42.   Defendants were aware that treating plaintiff in the manner alleged above,
4    including the intentional deprivation oplaintiff of wages owed, would devastate plaintiff
5    and cause plaintiff extreme hardship.

6        43.   As a proximate result of defendants' extreme and outrageous conduct, plaintiff
7    has suffered and continues to suffer severe emotional distress.  Plaintiff has sustained
8    and continues to sustain substantial losses of earnings and other employment benefits as
9    a result of being emotionally distressed.

10       44.   As a proximate result of defendants' extreme and outrageous conduct, plaintiff
11   has suffered and continues to suffer humiliation, emotional distress, and mental and
12   physical pain and anguish, all to his damage in a sum according to proof.

13       45.   Defendants' misconduct was committed intentionally, in a malicious, oppres-
14   sive manner, entitling plaintiff to punitive damages.

15

16                              **PRAYER**

17       WHEREFORE, plaintiff, Enrique Amezcua, prays for judgment against defendants
18   as follows:

19       1.   For general and special damages according to proof;

20       2.   For exemplary damages, according to proof;

21       3.   For pre-judgment and post-judgment interest on all damages awarded;

22       4.   For reasonable attorneys' fees;

23       5.   For costs of suit incurred;

24       6.   For such other and further relief as the Court may deem just and proper.

25

26       ADDITIONALLY, plaintiff, Enrique Amezcua, demands trial of this matter by
27   jury.  The amount demanded exceeds $25,000.00 (Government Code § 72055).

28

1    Dated:  May 26, 2017                SHEGERIAN & ASSOCIATES, INC.

2

3                                        By: _Carney R. Shegerian_

4                                            Carney R. Shegerian, Esq.

5                                        Attorneys for Plaintiff,
                                         ENRIQUE AMEZCUA

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-13-

PLAINTIFF'S COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Carney R. Shegerian, Esq. (SBN 150461)<br>Shegerian & Associates, Inc.<br>225 Santa Monica Boulevard, Suite 700, Santa Monica, CA 90401<br>TELEPHONE NO.: (310)860-0770   FAX NO.: (310)860-0771<br>ATTORNEY FOR (Name): Plaintiff, Enrique Amezcua | **FILED**<br>Superior Court Of California<br>County Of Los Angeles<br><br>**MAY 30 2017**<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____, Deputy<br>Charlie L. Coleman |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Amezcua v. Waste Management, Inc. et. al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **BC 663356**<br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence     f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[X] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action (specify): Seventeen (17) causes of action
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 26, 2017

Carney R. Shegerian, Esq.
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Amezcua v. Waste Management, Inc. et. al. | BC 6 6 3 3 5 8 |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 15   ☐ HOURS/ ☒ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons –<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Amezcua v. Waste Management, Inc. et. al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1.②3. |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>.2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Amezcua v. Waste Management, Inc. et. al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Amezcua v. Waste Management, Inc. et. al. | |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>185 W. Los Angeles Avenue |
|---|---|
| CITY:<br>Simi Valley | STATE:<br>CA. | ZIP CODE:<br>93065 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: <u>May 26, 2017</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)

PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Carney R. Shegerian. Esq. SBN 150461<br>Shegerian & Associates. Inc.<br>225 Santa Monica Boulevard, Suite 700<br>Santa Monica. California 90401<br>TELEPHONE NO.: (310)860-0770  FAX NO. (Optional): (310)860-0771<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Enrique Amezcua | FOR COURT USE ONLY<br>FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JUN 1 6 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____ Deputy<br>Raul Sanchez |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles |
|---|
| STREET ADDRESS: 111 North Hill Street |
| MAILING ADDRESS: 111 North Hill Street |
| CITY AND ZIP CODE: Los Angeles. 90012 |
| BRANCH NAME: Stanley Mosk Courthouse |

| PLAINTIFF/PETITIONER: Enrique Amezcua | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Waste Management, Inc. et. al. | BC 663 356, Dept. 51 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

(Separate proof of service is required for each party served.)

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☒ Civil Case Cover Sheet (served in complex cases only)
   e. ☐ cross-complaint
   f. ☒ other (specify documents): Civil Case Cover Sheet Addendum, Notice of Case Assignment, ADR Information Packet

3. a. Party served (specify name of party as shown on documents served):

   USA Waste of California, Inc.

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a):

   Gladys Aguilera, CT Corporation

4. Address where the party was served:
   818 W. Seventh St. Ste 930, Los Angeles, CA. 90017

5. I served the party (check proper box)
   a. ☒ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 6/15/17   (2) at (time): 9:15am
   b. ☐ by substituted service. On (date):         at (time):         I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):

       (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

       (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

       (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

       (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date):         from (city):         or ☐ a declaration of mailing is attached.

       (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: Enrique Amezcua | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Waste Management, Inc. et. al. | BC 663 356, Dept. 51 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on (date):                                    (2) from (city):

   (3) ☐ with two copies of the Notice and Acknowledgment of Receipt and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** (specify means of service and authorizing code section):


   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of (specify):
   c. ☐ as occupant.
   d. ☒ On behalf of (specify): USA Waste of California, Inc.
      under the following Code of Civil Procedure section:

      ☒ 416.10 (corporation)                    ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)            ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)                  ☐ 415.46 (occupant)
                                                ☐ other:

7. **Person who served papers**
   a. Name: Michael Ordonez
   b. Address: 225 Santa Monica Blvd, Suite 700, Santa Monica, California 90401
   c. Telephone number: (310) 860-0770
   d. The fee for service was: $
   e. I am:

      (1) ☒ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☐ a registered California process server:
          (i) ☐ owner ☐ employee ☐ independent contractor.
          (ii) Registration No.:
          (iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 6/15/17

Michael Ordonez
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                    (SIGNATURE)

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>Carney R. Shegerian, Esq.  SBN 150461<br>Shegerian & Associates, Inc.<br>225 Santa Monica Blvd. Suite 700<br>Santa Monica, CA 90401<br>  TELEPHONE NO.: 310-860-0770         FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>  ATTORNEY FOR *(Name)*:  Plaintiff | FILED<br>For Court Use Only<br>Superior Court of California<br>County of Los Angeles<br><br>JUN 1 5 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____ Deputy<br>        Jenny Chea |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles<br>  STREET ADDRESS: 111 North Hill Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:  Los Angeles, 90005<br>  BRANCH NAME:  Superior Court of California, County of Los Angeles, Stanley Mosk Courthouse | |
|---|---|

| PLAINTIFF / PETITIONER:  ENRIQUE AMEZCUA<br>DEFENDANT / RESPONDENT:  WASTE MANAGEMENT, INC., A CORPORATION, ET AL. | CASE NUMBER:<br>BC 663356 ; Dept 51 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>1457031 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents)*:   CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT UNLIMITED CIVIL CASE; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS
3. a. Party served *(specify name of party as shown on documents served)*:
      JOSE ESTRELLA, AN INDIVIDUAL
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      Kathleen Sherman, Customer Service
4. Address where the party was served:
   195 W. LOS ANGELES AVENUE, SIMI VALLEY, CA 93065
5. I served the party *(check proper box)*
   a. [ ] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:                (2) at *(time)*:
   b. [X] by substituted service. On *(date)*:   Tue, Jun 06 2017        at *(time)*:   04:10 PM        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
      Kathleen Sherman, Customer Service
      (1) [ ]  (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ]  (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ]  (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
           from *(city)*:                                          or [X] a declaration of mailing is attached.
      (5) [X]  I attach a declaration of diligence stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER: ENRIQUE AMEZCUA | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: WASTE MANAGEMENT, INC., A CORPORATION, ET AL. | BC 663356 ; Dept 51 |

5. c. ☐ by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*          (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ by other means *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☒ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☐ On behalf of *(specify):*

    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)          ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)           ☐ 415.46 (occupant)

    ☐ other:

7. Person who served papers

  a. Name: NANCY BANFIELD

  b. Address: 4651 Brookhollow Circle Ste C Riverside CA 92509

  c. Telephone number: 951-353-8281

  d. The fee for service was: $73.00

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☒ a registered California process server:

      (i) ☐ owner ☐ employee ☒ independent contractor

      (ii) Registration No: 5054

      (iii) County: Los Angeles

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 06/07/2017

NANCY BANFIELD

_____        _____

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)    (SIGNATURE)

MC-031

| PLAINTIFF / PETITIONER:  ENRIQUE AMEZCUA | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:  WASTE MANAGEMENT, INC., A CORPORATION, ET AL. | BC 663356   ; Dep + 51 |

### DECLARATION OF DILIGENCE
(This form must be attached to another form or court paper before it can be filed in court.)

1) Unsuccessful Attempt: Jun 2, 2017, 4:50 pm PDT at Company: 195 W. LOS ANGELES AVENUE, SIMI VALLEY, CA 93065

Attempted service, no answer. The building was locked and closed.

2) Unsuccessful Attempt: Jun 5, 2017, 7:45 am PDT at Company: 195 W. LOS ANGELES AVENUE, SIMI VALLEY, CA 93065

Attempted service, no answer. The building was locked and closed.

3) Unsuccessful Attempt: Jun 5, 2017, 7:45 am PDT at Company: 195 W. LOS ANGELES AVENUE, SIMI VALLEY, CA 93065

Attempted service, I spoke to Kathleen Sherman, person in charge who stated that the subject was not in.

4) Successful Attempt: Jun 6, 2017, 4:11 pm PDT at Company: 195 W. LOS ANGELES AVENUE, SIMI VALLEY, CA 93065 received by Kathleen Sherman, Customer Service . Age: 35; Ethnicity: Caucasian; Gender: Female; Weight: 175; Height: 5'5"; Hair: Red; Eyes: Hazel;

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   06/07/2017

NANCY BANFIELD
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

| ☐ Attorney for | ☐ Plaintiff | ☐ Petitioner | ☐ Defendant |
| ☐ Respondent | ☐ Other (Specify): | | |

Form Approved for Optional Use
Judicial Council of California
MC-031 [Rev.July 1, 2005]
jcb: 1457031

ATTACHED DECLARATION

Page 1 of 1

MC-031

| PLAINTIFF / PETITIONER: ENRIQUE AMEZCUA | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: WASTE MANAGEMENT, INC., A CORPORATION, ET AL. | BC 663356  ; Dept 51 |

## DECLARATION OF MAILING

(This form must be attached to another form or court paper before it can be filed in court.)

1. I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occured.
2. I served copies of the DOCUMENTS
3. By placing a true copy of each document in United States mail, in a sealed envelope by First Class mail with postage prepaid as follows:

a.  Date of Mailing:      Wed, Jun 07 2017
b.  Place of Mailing:     Riverside, CA 92509
c.  Addressed as Follows: Jose Estrella, an individual
                          195 W. LOS ANGELES AVENUE
                          SIMI VALLEY, CA 93065

4. I am readily familar with the business practice for collection and processing of correspondence as deposited with the U.S. Postal Service on DATE
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   06/07/2017

Kevin Boucher
_____
                (TYPE OR PRINT NAME)

_____
                (SIGNATURE OF DECLARANT)

☐ Attorney for    ☐ Plaintiff    ☐ Petitioner    ☐ Defendant
☐ Respondent      ☐ Other (Specify):

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address)<br>Carney R. Shegerian SBN 150461<br>Shegerian & Associates, Inc.<br>225 Santa Monica Blvd. Suite 700<br>Santa Monica, CA 90401<br>    TELEPHONE NO: 310-860-0770    FAX NO (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY<br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>JUN 1 5 2017<br><br>Sheri R. Carter, Executive Officer/Clerk<br>By_____ Deputy<br>Jenny Chea |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 111 North Hill Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles, 90005<br>BRANCH NAME: Superior Court of California, County of Los Angeles, Stanley Mosk Courthouse ||

| PLAINTIFF / PETITIONER: ENRIQUE AMEZCUA<br>DEFENDANT / RESPONDENT: WASTE MANAGEMENT, INC., A CORPORATION, ET AL. | CASE NUMBER:<br>BC 663356 ; Dept 51 |
|---|---|

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>1467065 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents):* CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT UNLIMITED CIVIL CASE; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS
3. a. Party served *(specify name of party as shown on documents served):*
      WM GI INDUSTRIES, AN ENTITY
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Glady's Aguilera, Process Specialist for CT Corporation – Agent for Service
4. Address where the party was served:
   818 WEST SEVENTH STREET SUITE 930, LOS ANGELES, CA 90017
5. I served the party *(check proper box)*
   a. [ ] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*    (2) at *(time):*
   b. [X] by substituted service. On *(date):* Thu, Jun 08 2017    at *(time):* 01:15 PM    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
      Glady's Aguilera, Process Specialist for CT Corporation – Agent for Service
      (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*
         from *(city):*    or [X] a declaration of mailing is attached.
      (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER: ENRIQUE AMEZCUA | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: WASTE MANAGEMENT, INC., A CORPORATION, ET AL. | BC 663356 ; Dept 51 |

5. c. ☐ by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*         (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ by other means *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☒ On behalf of *(specify):* WM GI INDUSTRIES, AN ENTITY

    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)             ☒ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)             ☐ 415.46 (occupant)

    ☐ other:

7. Person who served papers

  a. Name:           Steve Torres

  b. Address:         4651 Brookhollow Circle, Ste. C, Riverside, CA 92509

  c. Telephone number:   951-353-8281

  d. The fee for service was:   $75.00

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☒ a registered California process server:

      (i) ☐ owner ☒ employee ☐ independent contractor

      (ii) Registration No: 1622

      (iii) County: San Bernardino

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 06/12/2017

Steve Torres

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)           (SIGNATURE)

MC-031

| PLAINTIFF / PETITIONER: ENRIQUE AMEZCUA | CASE NUMBER: |
| DEFENDANT / RESPONDENT: WASTE MANAGEMENT, INC, A CORPORATION, ET AL. | BC 663356 : Dept 31 |

## DECLARATION OF MAILING

(This form must be attached to another form or court paper before it can be filed in court.)

1. I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occured.

2. I served copies of the DOCUMENTS

3. By placing a true copy of each document in United States mail, in a sealed envelope by First Class mail with postage prepaid as follows:

a.   Date of Mailing:      Mon, Jun 12 2017
b.   Place of Mailing:     Riverside, CA 92509
c.   Addressed as Follows: WM GI INDUSTRIES, AN ENTITY
                           818 WEST SEVENTH STREET SUITE 930
                           LOS ANGELES, CA 90017

4. I am readily familar with the business practice for collection and processing of correspondence as deposited with the U.S. Postal Service on DATE

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   06/12/2017

Kevin Boucher

(TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)

☐ Attorney for    ☐ Plaintiff   ☐ Petitioner   ☐ Defendant
☐ Respondent      ☐ Other (Specify):

MC-031 [Rev July 1, 2005]          ATTACHED DECLARATION                              Page 1 of 1
Job: 1467065

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Carney R. Shegerian, Esq.  SBN 150461<br>Shegerian & Associates, Inc.<br>225 Santa Monica Blvd. Suite 700<br>Santa Monica, CA 90401<br>TELEPHONE NO: 310-860-0770  FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:  RAGUILAR@SHEGERIANLAW.COM<br>ATTORNEY FOR *(Name)*: | FOR COURT USE ONLY<br><br>FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JUN 1 5 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____ Deputy<br>Jenny Chen |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles<br>STREET ADDRESS: 111 North Hill Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles, 90005<br>BRANCH NAME: Superior Court of California, County of Los Angeles, Stanley Mosk Courthouse | |

| PLAINTIFF / PETITIONER:  ENRIQUE AMEZCUA<br>DEFENDANT / RESPONDENT: WASTE MANAGEMENT, INC., A CORPORATION, ET AL. | CASE NUMBER:<br>BC 663356 : Dept 51 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>1467030 |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  [X] summons
    b.  [X] complaint
    c.  [X] Alternative Dispute Resolution (ADR) package
    d.  [X] Civil Case Cover Sheet *(served in complex cases only)*
    e.  [ ] cross-complaint
    f.  [X] other *(specify documents)*:  CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT UNLIMITED CIVIL CASE; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS
3.  a.  Party served *(specify name of party as shown on documents served)*:
        WASTE MANAGEMENT, INC., A CORPORATION
    b.  [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
        Glady's Aguilera, Process Specialist for CT Corporation – Agent for Service
4.  Address where the party was served:
    818 WEST SEVENTH STREET SUITE 930, LOS ANGELES, CA 90017
5.  I served the party *(check proper box)*
    a.  [X] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
        receive service of process for the party on *(date)*:  Thu, Jun 08 2017  (2) at *(time)*:  01:15 PM
    b.  [ ] by substituted service. On *(date)*:  at *(time)*:  I left the documents listed in
        item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

        (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to
                be served. I informed him or her of the general nature of the papers.
        (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of
                the party. I informed him or her of the general nature of the papers.
        (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the
                person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature
                of the papers.
        (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place
                where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
                from *(city)*:  or [ ] a declaration of mailing is attached.
        (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

PROOF OF SERVICE OF SUMMONS

| PLAINTIFF / PETITIONER: ENRIQUE AMEZCUA | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: WASTE MANAGEMENT, INC., A CORPORATION, ET AL. | BC 663356 ; Dept 51 |

5. c. ☐ by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                     (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ by other means *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☒ On behalf of *(specify):* WASTE MANAGEMENT, INC., A CORPORATION

    under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)                   ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)          ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)       ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)              ☐ 415.46 (occupant)

    ☐ other:

7. Person who served papers

  a. Name:          Steve Torres

  b. Address:      4651 Brookhollow Circle, Ste. C, Riverside, CA 92509

  c. Telephone number:  909-218-0204

  d. The fee for service was:  $45.00

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☒ a registered California process server:

      (i) ☐ owner ☒ employee ☐ independent contractor

      (ii) Registration No: 1622

      (iii) County: San Bernardino

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 06/12/2017

Steve Torres

_____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

_____
(SIGNATURE)

FILED                                                                    POS-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address)*
Carney R. Shegerian   SBN 150461
Shegerian & Associates, Inc.
225 Santa Monica Blvd. Suite 700
Santa Monica, CA 90401
   TELEPHONE NO: 310-860-0770            FAX NO *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
   ATTORNEY FOR *(Name)*:  Plaintiff

Superior Court of California
County of Los Angeles

JUN 1 5 2017

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
      Jenny Chea

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
   STREET ADDRESS: 111 North Hill Street
   MAILING ADDRESS:
   CITY AND ZIP CODE: Los Angeles, 90005
   BRANCH NAME: Superior Court of California, County of Los Angeles, Stanley Mosk Courthouse

**PLAINTIFF / PETITIONER:** ENRIQUE AMEZCUA
**DEFENDANT / RESPONDENT:** WASTE MANAGEMENT, INC., A CORPORATION, ET AL.

**CASE NUMBER:**
BC 663356  Dept 5

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:
1467065

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents)*:  CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT UNLIMITED CIVIL CASE; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS
3. a. Party served *(specify name of party as shown on documents served)*:
      WM GI INDUSTRIES, AN ENTITY
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under Item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      Glady's Aguilera, Process Specialist for CT Corporation – Agent for Service
4. Address where the party was served:
   818 WEST SEVENTH STREET SUITE 930, LOS ANGELES, CA 90017
5. I served the party *(check proper box)*
   a. [ ] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:                    (2) at *(time)*:
   b. [X] by substituted service. On *(date)*:  Thu, Jun 08 2017        at *(time)*: 01:15 PM        I left the documents listed in Item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
      Glady's Aguilera, Process Specialist for CT Corporation – Agent for Service
      (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
         from *(city)*:                         or [X] a declaration of mailing is attached.
      (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER:  ENRIQUE AMEZCUA | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:  WASTE MANAGEMENT, INC., A CORPORATION, ET AL. | BC 663356 ; Dept 51 |

5.  c. ☐  by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):*          (2)  from *(city):*

    (3) ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐  by other means *(specify means of service and authorizing code section):*

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐  as an individual defendant.

  b. ☐  as the person sued under the fictitious name of *(specify):*

  c. ☐  as occupant.

  d. ☒  On behalf of *(specify):*  WM GI INDUSTRIES, AN ENTITY
    under the following Code of Civil Procedure section:

    ☐  416.10 (corporation)        ☒  415.95 (business organization, form unknown)
    ☐  416.20 (defunct corporation)       ☐  416.60 (minor)
    ☐  416.30 (joint stock company/association)  ☐  416.70 (ward or conservatee)
    ☐  416.40 (association or partnership)    ☐  416.90 (authorized person)
    ☐  416.50 (public entity)         ☐  415.46 (occupant)
    ☐  other:

7.  Person who served papers

  a.  Name:          Steve Torres

  b.  Address:       4651 Brookhollow Circle, Ste. C, Riverside, CA 92509

  c.  Telephone number:  951-353-8281

  d.  The fee for service was:  $75.00

  e.  I am:

    (1) ☐  not a registered California process server.

    (2) ☐  exempt from registration under Business and Professions Code section 22350(b).

    (3) ☒  a registered California process server:

      (i) ☐  owner ☒ employee ☐ independent contractor

      (ii)  Registration No:  1622

      (iii)  County:  San Bernardino

8. ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  06/12/2017

Steve Torres

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)          (SIGNATURE)

MC-031

| PLAINTIFF / PETITIONER:   ENRIQUE AMEZCUA | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   WASTE MANAGEMENT, INC., A CORPORATION, ET AL. | BC 663356 ; Dept 51 |

## DECLARATION OF MAILING

(This form must be attached to another form or court paper before it can be filed in court.)

1. I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occured.

2. I served copies of the DOCUMENTS

3. By placing a true copy of each document in United States mail, in a sealed envelope by First Class mail with postage prepaid as follows:

a.   Date of Mailing:        Mon, Jun 12 2017

b.   Place of Mailing:       Riverside, CA 92509

c.   Addressed as Follows: WM GI INDUSTRIES, AN ENTITY
                                        818 WEST SEVENTH STREET SUITE 930
                                        LOS ANGELES, CA 90017

4. I am readily familar with the business practice for collection and processing of correspondence as deposited with the U.S. Postal Service on DATE

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   06/12/2017

Kevin Boucher

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for    ☐ Plaintiff    ☐ Petitioner    ☐ Defendant
☐ Respondent    ☐ Other (Specify):